UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO: 8:21-cr-93-CEH-AEP

JAIME RENTERIA CARDENAS

_____

**ORDER**

This cause comes before the Court on Defendant Jaime Renteria Cardenas'

Motion for Compassionate Release (Doc. 134) and Motion to Reduce Sentence (Doc.

138).  In the motions, which are identical, Cardenas requests compassionate release

because of the COVID-19 pandemic and in order to serve as a bone marrow donor for

a nephew in Colombia.

Upon review and consideration, and being fully advised in the premises, the

Court will defer ruling on the first motion for compassionate release, and deny the

second motion as moot.

**BACKGROUND**

Jaime Renteria Cardenas was sentenced on August 12, 2021, to a term of 97

months' imprisonment on his guilty plea to conspiracy to distribute and possess with

intent to distribute five kilograms or more of cocaine while aboard a vessel. Doc. 92.

Now 46 years old, he is serving his term of incarceration.

In his first motion for compassionate release, filed on February 10, 2023 but

dated November 11, 2022, Cardenas appears to seek relief for two reasons. Doc. 134.

First, he argues that the COVID-19 pandemic necessitates his release because he cannot receive adequate care in the Bureau of Prisons custody. *Id.* at 2-3.  Second, he explains that he is the only eligible bone marrow donor for his nephew in Colombia, Jesus, who is severely ill. *Id.* at 4.  He had previously donated bone marrow to his other nephew, Jesus' brother. *Id.*  Cardenas represents that Jesus' need for a bone marrow transplant is a matter of life or death. *Id.*  In support, he attaches Colombian medical records that appear to document his previous donation and Jesus' current need. Doc. 134-1.

In response to Cardenas' motion, the Government explained that it opposed a grant of compassionate release based on the COVID-19 pandemic. Doc. 135. However, the Government suggested that the Court appoint counsel for the purpose of investigating his claim that he is the only eligible bone marrow donor for his nephew. *Id.*

On March 30, 2023, Magistrate Judge Anthony Porcelli appointed appellate counsel to represent Cardenas in connection with the motion. Doc. 136.  Counsel filed a status report on April 5, 2023, indicating that he was having difficulty receiving permission from the prison to communicate with Cardenas. Doc. 137.

On May 4, 2023, the Court received a second motion for compassionate release, filed directly by Cardenas rather than by his appointed counsel.  The second motion is identical to the first, including the same signature date of November 21, 2022, and appears to be the original version of the first.  The second motion contains the same

Colombian medical records as the first, in addition to two pages of Bureau of Prisons program records. Doc. 138-1.

In a status conference on June 26, 2023, counsel indicated that he had been able to communicate with Cardenas and had begun researching and pursuing various means of facilitating a bone marrow transplant between Cardenas and his nephew. Doc. 140. At the status conference and in a reply filed on August 25, 2023, Doc. 145, counsel explained that it is possible to advocate for the Bureau of Prisons to furlough Cardenas for the limited purpose of withdrawing the bone marrow, which could then be transported to Colombia. However, the issue is complicated significantly by the need to find funding for the procedure and transportation. As a result, counsel proposes bifurcating the motions for compassionate release. To the extent they argue that release is warranted due to COVID-19, counsel suggests denying them without prejudice. Counsel further requests that the Court hold in abeyance the portion of Cardenas's motions that requests relief based on the need for a bone marrow transplant while counsel continues to seek a solution.

## DISCUSSION

As an initial matter, Cardenas' second motion for compassionate release (Doc. 138) is due to be denied because it was filed *pro se* while he was represented by counsel, and because it is duplicative of the first motion. Middle District of Florida Local Rule 2.02(b)(3) provides that a person who is represented by a lawyer may appear through the lawyer only. *See, e.g., Ruiz v. Wing*, 991 F.3d 1130, 1143 (11th Cir. 2021) (district court did not abuse its discretion in striking pro se motion filed while defendant was

represented by counsel as unauthorized pro se filing).  Moreover, the second motion is entirely identical to—and therefore duplicative of—Cardenas' first motion. Accordingly, the Court will deny it as moot and consider only the first motion for compassionate release.

Section 603 of the First Step Act of 2018 created a means by which incarcerated individuals may directly petition a district court for compassionate release.  As modified by the First Step Act, 18 U.S.C. § 3582(b) states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, *upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the* unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

4

and that such a reduction is consistent with applicable policy
statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the
extent otherwise expressly permitted by statute or by Rule 35 of
the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act).  The

Eleventh Circuit has held that "extraordinary and compelling reasons" that permit the

grant of compassionate release are exclusively defined by the policy statement of the

United States Sentencing Commission contained in U.S.S.G. § 1B1.13, cmt. n.1.

*United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021).  Such reasons are: the

defendant's medical condition, his age, his family circumstances, or another reason

that is determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13, cmt.

n.1.  This list of reasons is exhaustive. *Bryant*, 996 F.3d at 1265-66.

Here, Cardenas is 46 years old and has only been incarcerated since 2021.

Accordingly, he must establish an extraordinary and compelling reason to be eligible

for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).  However, the COVID-

19 pandemic does not constitute an extraordinary and compelling reason that warrants

Cardenas's release.  Cardenas does not identify a medical condition or any other factor

that renders him particularly vulnerable to COVID-19.  Rather, this portion of his

motion is a boilerplate argument that the pandemic alone justifies incarcerated

individuals' release from prison.  The Court declines to make such a finding. *See United

States v. Giron*, 15 F.4th 1343, 1346-47 (11th Cir. 2021) (district court did not err in

finding that the confluence of medical conditions and the COVID-19 pandemic did

not warrant compassionate release).  As such, this portion of Cardenas' motion is due to be denied.

On the other hand, the Court agrees with the Government and defense counsel that the portion of Cardenas' motion seeking compassionate release on the ground that he is the only eligible bone marrow donor for his nephew merits further investigation and the continued involvement of counsel.  Because counsel is actively pursuing avenues of relief through the Bureau of Prison and other agencies, the Court will defer ruling on Cardenas' first motion for compassionate release.  Defense counsel is directed to file a status report within ninety (90) days of the date of this Order that provides an update as to his progress on Cardenas' behalf.

Accordingly, it is **ORDERED**:

1. Ruling on Cardenas' Motion for Compassionate Release (Doc. 134) is **DEFERRED**.  Defense counsel is directed to file a status report within **ninety (90) days** from the date of this Order.

2. Defendant Jaime Renteria Cardenas' Motion to Reduce Sentence (Doc. 138) is **DENIED as moot**.

**DONE** and **ORDERED** in Tampa, Florida on October 30, 2023.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties